**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 2:25-cr-20398-MSN

TRAVIS PARTEE,

Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTIONS,**
**ADOPTING REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS,**
**AND DENYING MOTION TO SUPPRESS**

---

Defendant has moved to suppress the firearm found during a search of the vehicle in which he was a passenger on November 25, 2025 (ECF No. 35, "Motion"). Defendant did not challenge the search itself but rather whether there was probable cause to stop the vehicle. The Court referred Defendant's Motion to the Magistrate Judge who held an evidentiary hearing and issued a Report and Recommendation on Motion to Suppress (ECF No. 44, "Report"). The Report recommended that Defendant's Motion be denied. Defendant filed objections (ECF No. 45) to which the Government has responded (ECF No. 47).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. P. 59(b)(1). If a party files timely objections to the recommendation, the

district court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). Failure to object to a magistrate judge's findings or conclusions results in forfeiture of those objections. Fed. R. Crim. P. 59(b)(2).[1]

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") The Court need not review—under a *de novo* or any other standard—those aspects of a report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985).

[1] Although the text of the Rule 59(b)(2) provides that a failure to object "waives a party's right to review," the Sixth Circuit has clarified that a failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.") (explaining, "*Thomas v. Arn* held that 'the failure to file objections to the magistrate's report *waives* the right to appeal the district court's judgment,'" but *Arn* preceded the Supreme Court's clarification in *United States v. Olano*, 507 U.S. 725, 733 (1993).) The difference matters because forfeited issues may nevertheless be considered on appeal in certain circumstances. *Id.* (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

## DISCUSSION

The focus of Defendant's objections is the weather on the day of the traffic stop. At the evidentiary hearing, Trooper Seiber testified that it was a "chilly" day, and thus no one was driving around with their windows down. (*Id.* at PageID 137.) In contrast, Defendant testified that the windows of the vehicle were down because it was warm and sunny, and the vehicle's air conditioning was broken. (*See* ECF No. 44 at PageID 126.) The Magistrate Judge credited Trooper Seiber's testimony over Defendant's that the windows of the vehicle were up when Trooper Seiber first observed it.

In his objections, Defendant challenges the Magistrate Judge's credibility determination, and he also asks the Court to reopen proof and hold a supplemental evidentiary hearing. (ECF No. 45 at PageID 138.) In support, he has attached historical weather data that he asserts confirms that the weather that day was "warm," not "chilly."

First, although district courts have discretion to reopen suppression hearings, the Sixth Circuit has cautioned that they "should be extremely reluctant to do so." *United States v. Baker*, 562 F. App'x 447, 450 (6th Cir. 2014) (citation omitted); *see United States v. Pittman*, 816 F.3d 419, 424 (6th Cir. 2016); *United States v. Baker*, 562 F. App'x 447, 450 (6th Cir. 2014); *United States* v. *Gray*, No. 25-5198, 2026 WL 1990609, at *4 (6th Cir. July 9, 2026). And before a court reopens proof, the party moving to reopen must first "provide a reasonable explanation for failing to present the evidence initially." *United States v. White*, 455 F. App'x 647, 651 (6th Cir. 2012) (citation omitted); *United States v. Holland*, 522 F. App'x 265, 270 (6th Cir. 2013).

Defendant has not provided an explanation for why he did not present the historical weather data evidence at the evidentiary hearing before the Magistrate Judge. That alone is fatal to his request to reopen proof.

Second, the proffered weather data is insufficient to undermine the Magistrate Judge's credibility determination. Having presided over the evidentiary hearing, the Magistrate Judge "had the opportunity to view [each] witness on the stand and assess [the witness's] demeanor," *Peveler v. United States*, 269 F.3d 693, 702 (6th Cir. 2001), so she is "in the better position to assess the credibility of witnesses" she heard during the evidentiary hearing. *United States v. Woodruff*, 830 F. Supp. 2d 390, 402 (W.D. Tenn. 2011) (Mays, J.) (quoting *United States v. Robinson*, No. 1:07–CR–1, 2007 WL 2138635, at *1 (E.D. Tenn. July 23, 2007)). And because the Magistrate Judge "personally listened to the testimony of a witness," her credibility determination "should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment." *United States v. Brown*, No. 1:07–CR–9, 2007 WL1345463, at *1 (E.D. Tenn. May 7, 2007); *see also United States v. Tyler*, 2:10-CR-20124-STA, 2011 WL2551177 (W.D. Tenn. June 27, 2011); *United States v. Tuggle*, No. 2:10–cr–20042–JPM–tmp, 2011 WL 692812, at *1 (W.D. Tenn. Feb. 18, 2011) (quoting *United States v. Freeman*, 412 F. App'x 735, 743 (6th Cir. 2010)).

In the Report, the Magistrate Judge explained that she found Trooper Seiber's testimony to be credible based on a variety of factors, including his memory of the traffic stop and his demeanor and tone while testifying. (ECF No. 44 at PageID 128–29.) And the attached weather data does not undermine that determination. True, Trooper Seibert said that no one was riding around with their windows down that day because the weather was "chilly." (ECF No. 40 at PageID 98.) But as Defendant's counsel himself acknowledged, "whether a person is hot or cold really doesn't depend on the temperature . . . ." (ECF No. 40 at PageID 98–99.) And as the Government points out, the body camera footage shows that Defendant is dressed in a hooded sweatshirt and pants,

and the driver of the vehicle was dressed in a long sleeve shirt and pants—clothing typically worn when the weather is "chilly."





Exhibit 1 at 2:45; 3:44.






*Id.* at 2:52, 4:45.

The officers on the scene are dressed in a mixture of clothing, from hooded sweatshirts and jackets to long sleeve shirts and short sleeve shirts:






*Id.* at 58:24; 2:08:02.






Exhibit 1 at 25:58; 48:38.

Of course, how someone is dressed is not a definitive indication of the temperature. The varied clothing here illustrates the obvious: one's perception of temperature is subjective. And because of that subjectivity, Defendant's weather report gives this Court no reason to doubt either Trooper Seiber's testimony or the Magistrate Judge's decision to credit his testimony over Defendant's.

## CONCLUSION

Defendant's request to reopen proof is **DENIED**, and his objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation on Motion to Suppress (ECF No. 44) is **ADOPTED** in its entirety. Defendant's Motion to Suppress Evidence (ECF No. 35) is **DENIED**.

**IT IS SO ORDERED**, this 14th day of August, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE